IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JARREL LEE JOHNSON, | : |
| Plaintiff, | : |
| vs. | : NO. 4:22-CV-180-CDL-MSH |
| Warden TRAVIS BRAGG; *et al.*, | : |
| Defendants. | : |

## ORDER

Plaintiff Jarrel Lee Johnson moves to appeal *in forma pauperis*. ECF No. 13. Plaintiff seeks to appeal the December 2, 2022 non-appealable, interlocutory Order transferring his action to the United States District Court for the District of South Carolina. ECF No. 7.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. The district court must make two determinations. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. It appears that Plaintiff does not have sufficient funds to pay the $505.00 appellate filing fee. ECF No. 13.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. See 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314

F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

This Court's review of the record in this case demonstrates that Plaintiff's appeal of the Order transferring his action is improper and frivolous. First, "transfers under §§ 1404(a) and 1406(a) are non-appealable interlocutory orders." *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) (citations omitted). Additionally, there are no nonfrivolous issues for appeal. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The appeal, therefore, is not brought in good faith.

Consequently, Plaintiff's application to appeal *in forma pauperis* (ECF No. 13) is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, and the Court assumes for purposes of this motion that he cannot, he must pay using the partial

payment plan described under 28 U.S.C. § 1915(b).  Pursuant to section 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full.   Checks should be made payable to "Clerk, U.S. District Court."   The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 8th day of March, 2023.

    S/Clay D. Land
    CLAY D. LAND
    U.S. DISTRICT COURT JUDGE
    MIDDLE DISTRICT OF GEORGIA